FILE #: 20800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
RON DANTE GILMORE

        Plaintiff

vs.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
JONAS BAZILE, STEPHEN ESPINOZA
MATTHEW ZITO, JUAN MORENO, BRIAN
KEHOE, MICHAEL McMANUS and EUGENE KELLER,

        Defendant(s)
------------------------------------------------X

**SECOND AMENDED
VERIFIED COMPLAINT
PLAINTIFF DEMANDS
A TRIAL BY JURY
DOCKET #: 14 CV 0252**

Plaintiff, complaining of the defendants by his attorney upon information and belief, respectfully allege:

### The Parties

1. Defendant THE CITY OF NEW YORK, is a municipality existing under and by virtue of the laws of the State of New York.

2. That at all times relevant hereto, defendant THE CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

3. That at all times relevant hereto, defendant Police Officer JONAS BAZILE is employed as a police officer by the Police Department of the City of New York.

4. That at all times relevant hereto defendant Police Officer STEPHEN ESPINOZA, is employed as a police officer captain, by the Police Department of the City of New York.

5. That at all times relevant hereto, defendant Police Officer MATTHEW ZITO is employed as a police officer by the Police Department of the City of New York.

6. That at all times relevant hereto, defendant Police Officer JUAN MORENO is employed as a police officer sergeant by the Police Department of the City of New

York.

7. That at all times relevant hereto, defendant Police Officer BRIAN KEHOE is employed as a police officer by the Police Department of the City of New York.

8. That at all times relevant hereto, defendant Police Officer MICHAEL McMANUS is employed as a police officer by the Police Department of the City of New York.

9. That at all times relevant hereto, defendant Police Officer EUGENE KELLER is employed as a police officer by the Police Department of the City of New York.

10. That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiff's with the Corporation Counsel of the defendant CITY and with the Comptroller of the defendant CITY and with the Legal Department of the department of the defendant NYCPD within 90 days after the cause of action herein accrued.

11. That 30 days have elapsed since filing Notice of Claim and that a hearing was held.

12. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller Legal Department of the defendants CITY and the Legal Department of the defendant NYCPD, for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commended within one year and ninety days after the cause of action accrued.

## Jurisdiction

1. Jurisdiction of this Court is founded upon 28 U.S.C. Subsections 1331, 1343(a)(3) and (4), 42 U.S.C Section 1983 and 1988. The matter in controversy in this action exceeds ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs. Pendant jurisdiction is invoked pursuant to 28 U.S.C Subsection 1367(a).

## AS AND FOR A FIRST CAUSE OF ACTION
## POLICY OF NON-FEASANCE IN THE PROTECTION OF PLAINTIFF'S CIVIL RIGHTS

1. At all times relevant hereto, defendant CITY OF NEW YORK employed the defendants JONAS BAZILE, STEPHEN ESPINOZA, a captain, MATTHEW ZITO, JUAN MORENO, a sergeant, BRIAN KEHOE , MICHAEL McMANUS and EUGENE KELLER as police officers in the New York City Police Department.

2. Upon information and belief, police officers employed by the defendants but not limited to JONAS BAZILE, STEPHEN ESPINOZA and MATTHEW ZITO, JUAN

MORENO, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER are graduates of the Police Academy of the City of New York.

3. At all times relevant hereto, defendant CITY OF NEW YORK had the duty to competently and sufficiently train within the Police Academy and the Command, Precinct and Patrol levels, the defendant Police Officers in the protection of the Constitutional rights of the plaintiffs under the Fourteenth Amendment to the United States Constitution.

4. In addition, the defendant CITY OF NEW YORK had the duty to competently and sufficiently train within the Police Academy and the Command, Precinct and Patrol levels, the officers to conform their conduct to a standard, established by law, of the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as to not intentionally, wantonly, and/or negligently inflict psychological and emotional distress on citizens such as plaintiff herein.

5. On or about January 13, 2013 at approximately 3:00 AM, the plaintiff, RON DANTE GILMORE, was present in the vicinity of premises known as 1313 Sterling Place, Brooklyn, New York 11213.

6. Additionally, on or about January 13, 2013 at approximately 3:00 AM, the Police Officers including but not limited to JUAN MORENO, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER were present and on duty in the vicinity of premises known as 1313 Sterling Place, Brooklyn, New York 11213.

7. Upon information and belief, commencing at approximately 3:00 AM, the individual defendant officers illegally trespassed, searched, invaded, intimidated and violated plaintiff's civil rights, put in imminent fear of life or limb, without probable cause, grounds or provocation.

8. Upon information and belief, the illegal trespass, search, invasion, intimidation and civil rights violation by defendants JUAN MORENO, a sergeant, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER deprived plaintiff of his rights, liberties and freedoms under color of State law in violation of 42 U.S.C section 1983 as well as other applicable statutes, rules, regulations and laws.

9. Upon information and belief, as a result of the aforesaid illegal trespass, search, invasion, intimidation and civil rights violation of plaintiff RON DANTE GILMORE, plaintiff was forcibly detained and illegally confined in plaintiff's residence at 1313 Sterling Place, Brooklyn, New York 11213, by defendants, JUAN MORENO, a sergeant, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER. Defendants deprived plaintiff of his rights, liberties and freedoms under color of State law in violation of 42 U.S.C Section 1983.

10. As a further result of the deprivation of plaintiff RON DANTE GILMORE's right to be free from the deprivation of rights guaranteed to them by the Fourteenth Amendment

to the United States Constitution and all other statutes, rules, regulations and laws as well as the mental anguish, suffering and the mental damage done to plaintiff, and the creation of fear and/or apprehension in the mind of the plaintiff by JUAN MORENO, a sergeant, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER; plaintiff was caused to suffer mental damage, severe nervous shock, psychological and emotional disturbances, public embarrassment, abusive treatment, verbal assault and abuse, put in imminent fear of life and limb, harassment, negligent and intentional infliction of emotional distress, and illegal confinement.

11.     On or about January 13, 2013, in violation of the rights, privileges and immunities guaranteed to plaintiff under the Fourteenth amendment to the United States Constitution and under the color of the State law, the police officers and each of them, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, illegally trespassed, searched, invaded plaintiff's domicile, violated plaintiff's Civil Rights, intentionally and negligently inflicted emotional distress on plaintiff, and harassed plaintiff, even though defendants' employees knew or should have known that the plaintiff was wholly innocent of any criminal charges.

12.     The force used by the defendants was, unnecessary, unwarranted, violent, and violated plaintiff's rights under 42 U.S.C section 1983.

13.     That by reason of their illegal trespass, search, invasion of plaintiff's domicile, violation of plaintiff's Civil Rights, intentional and negligent infliction of emotional distress, harassment of plaintiff, plaintiff's legal expenses, RON DANTE GILMORE has been damaged in an amount to be determined upon trial of this action.

14.     That upon information and belief, at all times herein mentioned, the plaintiff RON DANTE GILMORE is a resident of the County of Kings, City and State of New York.

15.     That upon information and belief, at all times herein mentioned, the defendant employed various persons as Police Officers who were duly designated to orderly conduct various affairs within the City of New York, and more specifically that area located on 1313 Sterling Place, in the Borough of Brooklyn, County of Kings, City and State of New York.

16.     That upon information and belief, at all times herein mentioned, various persons employed by the CITY AND NEW YORK POLICE DEPARTMENT and at the time and place of the occurrence complained of as hereinafter set forth were acting in the scope of their employment, on the business of the aforementioned CITY and NEW YORK CITY POLICE DEPARTMENT.

17.     That upon information and belief at all times hereinafter mentioned, 1313 Sterling Place, is a private residence in the said County of Kings, Borough of Brooklyn, City and State of New York.

18.     That upon information and belief, at all times hereinafter mentioned, on or about January 13, 2013 at approximately 3:00 AM various Police offices employed by the New

York City Police Department and the City of New York were at the aforementioned location.

19. That as a result of appearing at the said location various Police Officers caused certain violations of Civil Rights, trespass and search of domicile, intentional and negligent infliction of emotion distress, harassment, and legal expenses, to the plaintiff RON DANTE GILMORE.

20. That the said occurrence was caused by the reason of negligence, carelessness and intentional conduct of the defendants, their agents, servants and/or employees in the supervision and actions of those present.

21. That the defendant, CITY, and their agents, servants and/or employees were negligent and reckless in failing to properly invoke correct and proper police procedure; in negligently and recklessly failing to speak to the plaintiff RON DANTE GILMORE; in negligently and recklessly taking inappropriate actions; in negligently failing to properly identify themselves as Police Officers; in failing to act reasonably under the circumstances; in failing to properly supervise the offending Police Officers; in failing to give proper warnings; in departing from good and accepted police procedures; and otherwise being reckless and careless in the premises.

22. Upon information and belief, by reason of the foregoing, the plaintiff RON DANTE GILMORE, suffered great mental anguish.

23. That the defendant, CITY by its agents, servants and/or employees acted in a wanton, reckless and malicious manner whereby they show a pattern of harassment, heedlessness, and an utter disregard of the result upon the rights and safety of the plaintiff and done so in an intentional and deliberate manner with knowledge of the plaintiff's rights and with an intention to interfere therewith.

24. WHEREFORE, plaintiff demands judgment against the defendants in a sum to be determined upon trial of this action, together with the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## POLICY OF NON-FEASANCE IN THE PROTECTION OF PLAINTIFF'S CIVIL RIGHTS

1. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

2. On or about March 1, 2013 at approximately 10:00 PM, the plaintiff, RON DANTE GILMORE, was present in the vicinity of premises known as 1313 Sterling Place, Brooklyn, New York 11213.

3. That on or about March 1, 2013 at approximately 10:00 PM, the defendants JONAS BAZILE, STEPHEN ESPINOZA, a captain, and MATTHEW ZITO acted in a wanton, reckless and malicious manner whereby they show a pattern of harassment, heedlessness, and an utter disregard for the rights and safety of the plaintiff and did so in

an intentional and deliberate manner with knowledge of the plaintiff's rights and with an intention to interfere therewith.

4. That on or about March 1, 2013 at approximately 10:00 PM, the defendant STEPHEN ESPINOZA, a Captain, had a duty to supervise Police Officers JONAS BAZILE and MATTHEW ZITO in the performance and execution of their duties and not to permit, allow and/or cause Police Officers under his supervision to act in a wanton, reckless and malicious manner whereby they harass the public in general and the plantiff in particular, and not to utterly disregard the rights and safety of the plaintiff; and/or to do so in an intentional and deliberate manner, with knowledge of the plaintiff's rights and/or with an intention to interfere therewith.

5. That on or about March 1, 2013 at approximately 10:00 PM, the defendants STEPHEN ESPINOZA, a Captain, and police officers JONAS BAZILE and MATTHEW ZITO, under his supervision, illegally entered the plaintiff RON DANTE GILMORE's home without permission or due legal process and did perform an illegal search; did, in an intentional, deliberate, wanton, reckless and malicious manner, harass the plaintiff; utterly disregarded the rights and safety of the plaintiff, with knowledge of the plaintiff's rights and with an intention to interfere therewith.

6. That the defendant, CITY by its agents, servants and/or employees acted in a wanton, reckless and malicious manner whereby they show a pattern of harassment, heedlessness, and an utter disregard of the result upon the rights and safety of the plaintiff and done so in an intentional and deliberate manner with knowledge of the plaintiff's rights and with an intention to interfere therewith.

WHEREFORE, plaintiff demands judgment against the defendants in a sum to be determined upon trial of this action, together with the costs and disbursements of this action.

Yours,

HERBERT S. SUBIN, ESQ., (5499HSS)
FOR: SUBIN ASSOCIATES, LLP
Attorney for Plaintiff
150 Broadway, 23rd floor
New York, New York 10038

Index No. 14 CV 0252
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
RON DANTE GILMORE,

                                  Plaintiff(s),

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, JONAS BAZILE, STEPHEN ESPINOZA, MATTHEW ZITO, JUAN MORENO, BRIAN KEHOE, MICHAEL McMANUS and EUGENE KELLER

                                  Defendant(s)

## SECOND AMENDED SUMMONS AND COMPLAINT

**SUBIN ASSOCIATES, L.L.P.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800

*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for

Service of a copy of the within is hereby admitted
Dated:,

                              ........................................................
                              Attorney(s) for

PLEASE TAKE NOTICE

☐ That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on           , 20___.
**ENTRY**

☐ That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

**SETTLEMENT** named court,
                at
                on           , 20___ , at 10:00 a.m.

Dated:

                                                                                    SUBIN ASSOCIATES, L.L.P.
                                                                                     Attorneys for plaintiff(s)
                                                                                     150 Broadway, 23rd Floor
Attorney(s) for Defendant(s)                                              New York, NY 10038